## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth Dickerson, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-290 |
| | ) | |
| City of St. Louis, Vernon Betts, | ) | |
| Jeff Carson, Charlene Deeken, | ) | |
| Kimberly Gardner, Dale Glass, | ) | |
| Lieutenant Moss, | ) | |
| Sheriff's Deputy Montgomery, | ) | |
| Unknown Lieutenant I, | ) | JURY TRIAL DEMANDED |
| Unknown Lieutenant II, | ) | |
| Unknown Caseworker, | ) | |
| and Unknown Sheriff's Employee, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Kenneth Dickerson, Jr., by and through his attorney, brings this Complaint for damages against Defendants City of St. Louis; Vernon Betts; Jeff Carson; Charlene Deeken; Kimberly Gardner; Dale Glass; Lieutenant Moss; Sheriff's Deputy Montgomery; Unknown Lieutenant I; Unknown Lieutenant II; Unknown Caseworker; and Unknown Sheriff's Employee, and states to the Court as follows:

## PARTIES

1.      Plaintiff Kenneth Dickerson, Jr., at all times relevant to this lawsuit, was a resident of the City of St. Louis in Missouri.

2. Defendant City of St. Louis is a municipal corporation in the State of Missouri.

3. Defendant Vernon Betts is the Sheriff of the City of St. Louis. He is named in his individual capacity.

4. Defendant Jeff Carson is the Superintendent of the St. Louis Medium Security Institution. He is named in his individual capacity.

5. Defendant Charlene Deeken is the Director of the Department of Public Safety of the City of St. Louis. She is named in her individual capacity.

6. Defendant Kimberly Gardner is the Circuit Attorney of the City of St. Louis. She is named in her individual capacity.

7. Defendant Dale Glass is the Commissioner of the Division of Corrections of the City of St. Louis. He is named in his individual capacity.

8. Defendant Lieutenant Moss is a corrections officer at the St. Louis City Justice Center. This Defendant is sued in the Defendant's individual capacity.

9. Defendant Sheriff's Deputy Montgomery is an employee of the St. Louis City Sheriff's Office. This Defendant is sued in this Defendant's individual capacity.

10. Defendant Unknown Lieutenant I is a corrections officer at the St. Louis City Justice Center. This Defendant is sued in the Defendant's individual capacity.

11. Defendant Unknown Lieutenant II is a corrections officer at the St. Louis City Justice Center. This Defendant is sued in the Defendant's individual capacity.

12. Defendant Unknown Caseworker is a corrections caseworker at the St. Louis City Justice Center. This Defendant is sued in the Defendant's individual capacity.

13. Defendant Unknown Sheriff's Employee is an employee of the St. Louis City Sheriff's Office. This Defendant is sued in this Defendant's individual capacity.

14. Defendants are now and, at all times relevant to this lawsuit, were residents or municipal entities of the State of Missouri.

## JURISDICTION AND VENUE

15. This lawsuit is a civil action arising under the Constitution of the United States of America and Missouri law.

16. The causes of action for this lawsuit arose in the City of St. Louis in Missouri, which is in the territorial jurisdiction of the Federal District Court of the Eastern District of Missouri.

17. The Federal District Court of the Eastern District of Missouri has

original jurisdiction over the claims arising under the United
States Constitution pursuant to 28 U.S.C. § 1331.

18.   The Federal District Court of the Eastern District of Missouri has
supplemental jurisdiction over the claim arising under Missouri
law pursuant to 28 U.S.C. § 1367.

19.   Venue is appropriate in the Federal District Court of the Eastern
District of Missouri pursuant to 28 U.S.C. § 1391.

## FACTS

20.   On or around April 29, 2016, Plaintiff Kenneth Dickerson, Jr.,
was charged with two misdemeanors by the Circuit Attorney's
Office of the City of St. Louis.

21.   Plaintiff was confined to the St. Louis Medium Security
Institution pending trial on a bond he could not afford to pay.

22.   Plaintiff was represented in his criminal case by the St. Louis
City Public Defender's Office.

23.   On or around June 2, 2016, Plaintiff pled guilty to the two
misdemeanor charges and was sentenced to serve one year in the
St. Louis Medium Security Institution with a release date of
April 28, 2017.

24.   On or around September 14, 2016, the Honorable Judge Mark
Neil held a probation revocation hearing for Plaintiff where

Judge Neil determined Plaintiff required counsel to represent him.

25.    On September 15, 2016, Plaintiff was assigned a Public Defender.

26.    On January 19, 2017, the Honorable Judge Mark Neil reinstated Plaintiff on probation and quashed his warrant on the case.

27.    On or around April 28, 2017, Plaintiff was transferred from the St. Louis Medium Security Institution to the St. Louis City Justice Center.

28.    On April 28, 2016, Plaintiff expected to be released having completed his one-year sentence, but he was not.

29.    Plaintiff told Defendants Unknown Lieutenant I and Unknown Lieutenant II that he should be released, but they refused to act on his complaints.

30.    Plaintiff told every corrections officer who passed his cell that he should be released, but none of the corrections officers acted on his complaints.

31.    Plaintiff told Lieutenant Moss that he should be released, and Lieutenant Moss threatened to put Plaintiff in "the hole" or isolated confinement until he was sent back to the St. Louis Medium Security Institution if Plaintiff kept saying that he should be released.

32.   Plaintiff told Defendant Unknown Caseworker that he should be released. Defendant Unknown Caseworker looked up Plaintiff's case and told him he was being held on a probation violation warrant. Plaintiff told Defendant Unknown Caseworker that the judge had quashed the probation violation warrant and that Plaintiff should have been released, but Defendant Unknown Caseworker did not further investigate Plaintiff's complaint.

33.   Plaintiff was kept in confinement for at least four days beyond his sentence.

34.   On May 1, 2017, Defendants Vernon Betts and Sheriff's Deputy Montgomery filed a notice with the Honorable Judge Mark Neil's Court that Plaintiff was still in the custody of the City of St. Louis.

35.   Plaintiff's Public Defender told Defendant Unknown Sheriff's Employee that Plaintiff should be released, but the St. Louis City Sheriff's Office refused to release Plaintiff.

36.   Eventually, Plaintiff was released from the custody of the City of St. Louis sometime on or after May 1, 2017.

37.   For the duration of Plaintiff's stay at the Medium Security Institution, Plaintiff was subjected to poor conditions of confinement.

6

38.   Plaintiff had to reside in housing units for one year which were infested with roaches and other bugs.

39.   While Plaintiff was at the Medium Security Institution, the kitchen was also infested with roaches and other bugs.

40.   Plaintiff was subjected to large presences of mold in the showers and bathrooms at the Medium Security Institution during the year he was there.

41.   While Plaintiff was at the Medium Security Institution, toilets would routinely leak and flood living areas with unsanitary water dirtied with feces and urine.

42.   While Plaintiff was at the Medium Security Institution, rain would come through the windows, flooding living areas and bringing in mosquito infestations.

43.   While confined at the Medium Security Institution, Plaintiff was subjected to mice and rat infestations, and rats could be seen in the living areas often.

44.   Plaintiff was subjected to disease and unhygienic outbreaks, including scabies outbreaks.

45.   Plaintiff was subjected to the presence of asbestos insulation visible around pipes throughout the Medium Security Institution for about a year, as well as asbestos in the showering area.

46.    Plaintiff was subjected to unsafe temperatures in the Medium Security Institution, including extreme heat.

47.    During unsafe hot temperatures, corrections officers would bring limited quantities of ice, which would lead to fights between inmates at the Medium Security Institution. Corrections officers would not attempt to stop these fights, subjecting Plaintiff to significant risk of bodily harm.

48.    Defendants Carson, Deeken, and Glass, have or had a responsibility to maintain safe conditions for people detained at the St. Louis City Medium Security Institution.

49.    Defendants Betts, Carson, Deeken, Glass, Lieutenant Moss, Sheriff's Deputy Montgomery, Unknown Lieutenant I, Unknown Lieutenant II, and Unknown Sheriff's Employee have a responsibility to determine when people are supposed to be released from the custody of Defendant City of St. Louis and to provide for their immediate release.

50.    Defendant Gardner, along with the other Defendants, knew that people were wrongfully being held in the custody of the City of St. Louis and that the system by which people were supposed to be released from custody was not working, and have failed to provide any policy changes, trainings, or other measures to

page

prevent such illegal detentions.

51.   In 2014, after a person was wrongfully held in the custody of the
      City of St. Louis for about eight months, representatives from the
      St. Louis Public Defender's Office, Circuit Attorney's Office,
      Court Clerk's Office, Sheriff's Office, and other City offices met to
      discuss preventing the issue of people being wrongfully detained
      in the future. Defendants failed to take reasonable and necessary
      steps to correct the issue.

52.   Defendants have or had the responsibility to set policies, direct
      staff training, and establish patterns or practices of the City of
      St. Louis with respect to the incarceration and release of innocent
      citizens and people who have completed their sentences.

53.   Aside from Plaintiff, other people residing in corrections
      institutions in St. Louis City were unlawfully detained, including
      other clients of the Missouri State Public Defender System and
      two other clients of undersigned counsel (see Case Nos. 4:18-cv-
      213 and 4:17-cv-1769).

54.   Defendants continue to impermissibly keep people in the custody
      of the City of St. Louis, with at least one person kept in jail after
      charges against the person were dismissed by Defendant Gardner
      during the week of February 12, 2018.

55.   Defendants knew that innocent citizens and people who have completed their sentences were wrongfully imprisoned in the City of St. Louis.

56.   Defendants knew that they had failed to establish effective release procedures to ensure that Plaintiff and other similarly situated innocent citizens and people who had completed their sentences would not be wrongfully incarcerated.

57.   Defendants knew that they had failed to properly train staff to ensure that Plaintiff and other similarly situated innocent citizens and people who had completed their sentences would not be wrongfully incarcerated.

58.   Defendants knew that they had established a pattern or practice by which innocent citizens and people who had completed their sentences are wrongfully detained in St. Louis jails.

59.   Defendants' failure to establish effective release procedures caused Plaintiff to be wrongfully incarcerated.

60.   Defendants' failure to properly train staff caused Plaintiff to be wrongfully incarcerated.

61.   Defendants' establishment of a pattern or practice by which innocent citizens and people who have completed their sentences are wrongfully detained in City of St. Louis jails caused Plaintiff

to be wrongfully incarcerated.

62.     Defendants' actions wrongfully deprived Plaintiff of his freedom and due process.

63.     Defendants have or had the responsibility to set policies, direct staff training, and establish patterns or practices of the City of St. Louis with respect to maintaining safe and sanitary conditions at the St. Louis Medium Security Institution and preventing pre-trial detainees from being punished.

64.     Defendants knew that the conditions at the St. Louis Medium Security Institution were unsafe and unsanitary, including the presence of mold, asbestos, disease and unhygienic outbreaks, large bug infestations, rat and mice infestations, and unsafe temperature regulation.

65.     Defendants knew that they had failed to establish effective procedures to ensure that Plaintiff and other similarly situated detainees would not be subjected to unsafe and unsanitary conditions and punishment.

66.     Defendants knew that they had failed to properly train staff to ensure that Plaintiff and other similarly situated detainees would not be subjected to unsafe and unsanitary conditions and punishment.

67.    Defendants knew that they had established a pattern or practice by which detainees are subjected to unsafe and unsanitary conditions and punishment.

68.    Defendants' failure to establish effective procedures to maintain safe and sanitary jail conditions caused Plaintiff to be subjected to cruel and unusual punishment as a detainee.

69.    Defendants' failure to properly train staff caused Plaintiff to be subjected to cruel and unusual punishment as a detainee.

70.    Defendants' establishment of a pattern or practice by which detainees are subjected to unsafe and unsanitary jail conditions caused Plaintiff to be wrongfully punished.

71.    Defendants' actions wrongfully deprived Plaintiff of his right to be free from cruel and unusual punishment as a pre-trial and post-conviction detainee.

72.    Defendants' actions caused Plaintiff physical harm.

73.    Defendants' actions caused Plaintiff severe emotional distress.

## COUNT I: VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

74.    Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

75. Count I applies to Defendants Betts, Carson, Deeken, Glass, Sheriff's Deputy Montgomery, Lieutenant Moss, Unknown Lieutenant I, Unknown Lieutenant II, Unknown Caseworker, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 76-85.

76. Plaintiff was incarcerated for at least four days after he completed his sentence.

77. Plaintiff told Defendants Lieutenant Moss, Unknown Lieutenant I, Unknown Lieutenant II, and Unknown Caseworker, and several other corrections officers that he should have been released.

78. Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

79. Defendants failed to release Plaintiff from his imprisonment when his sentence was completed.

80. Defendants were directly responsible for depriving Plaintiff of his freedom.

81. Defendants acted under color of state law.

82. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure of his person.

83.    Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

84.    In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

85.    Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT II: VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS UNDER 42 U.S.C. § 1983

86.    Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

87.    Count II applies to Defendants Betts, Carson, Deeken, Glass, Sheriff's Deputy Montgomery, Lieutenant Moss, Unknown Lieutenant I, Unknown Lieutenant II, Unknown Caseworker, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 88-97.

88.    Plaintiff was incarcerated for at least four days after he

completed his sentence.

89.   Plaintiff told Defendants Lieutenant Moss, Unknown Lieutenant I, Unknown Lieutenant II, and Unknown Caseworker, and several other corrections officers that he should have been released.

90.   Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

91.   Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

92.   Defendants were directly responsible for depriving Plaintiff of his freedom.

93.   Defendants acted under color of state law.

94.   Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by depriving him of his freedom without due process of law.

95.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

96.   In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

97.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount

that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT III: VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO SANITARY JAIL CONDITIONS AND TO BE FREE FROM PRE-TRIAL PUNISHMENT UNDER 42 U.S.C. § 1983

98.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

99.   Count III applies to Defendants Carson, Deeken, and Glass, referred to as "Defendants" in Paragraphs 100-19.

100.   Plaintiff was incarcerated for about one month at the St. Louis Medium Security Institution in 2016 awaiting disposition of his case.

101.   During his stay at the Medium Security Institution, Defendants subjected Plaintiff to continuous unsanitary conditions.

102.   Plaintiff was forced to stay in a mold-infested facility.

103.   Plaintiff was forced to stay in a bug-infested facility.

104.   Plaintiff was forced to stay in a rat and mice-infest facility.

105.   Plaintiff was forced to stay in a facility lacking safe temperature

regulation and was subjected to extreme heat.

106.  Plaintiff was subjected to disease and unhygienic outbreaks due to the unsanitary conditions of the Medium Security Institution.

107.  Plaintiff was subjected to flooding toilet water dirtied with feces and urine.

108.  Plaintiff's conditions of confinement were unsanitary.

109.  Plaintiff's conditions of confinement posed a health and safety risk to Plaintiff.

110.  Defendants knew about these unsanitary conditions at the Medium Security Institution.

111.  Maintaining an unsanitary facility furthered no legitimate governmental purpose.

112.  Maintaining an unsanitary facility amounted to impermissible punishment of Plaintiff, who was a pre-trial detainee.

113.  Defendants failed to alleviate these unsanitary conditions of confinement during Plaintiff's stay at the Medium Security Institution.

114.  Defendants were directly responsible for depriving Plaintiff of his right to be free from punishment.

115.  Defendants acted under color of state law.

116.  Defendants violated Plaintiff's Fifth and Fourteenth Amendment

17

rights by subjecting him to unsanitary conditions for several months.

117. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

118. In addition to wrongfully depriving Plaintiff of his right to be free from punishment, Defendants caused Plaintiff physical harm.

119. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT IV: VIOLATION OF PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER 42 U.S.C. § 1983

120. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

121. Count IV applies to Defendants Carson, Deeken, and Glass, referred to as "Defendants" in Paragraphs 122-41.

122. Plaintiff was incarcerated for about eleven months at the St. Louis Medium Security Institution in 2016 and 2017 while

serving his sentence.

123.   During his stay at the Medium Security Institution, Defendants subjected Plaintiff to continuous unsanitary conditions.

124.   Plaintiff was forced to stay in a mold-infested facility.

125.   Plaintiff was forced to stay in a bug-infested facility.

126.   Plaintiff was forced to stay in a rat and mice-infest facility.

127.   Plaintiff was forced to stay in a facility lacking safe temperature regulation and was subjected to extreme heat.

128.   Plaintiff was subjected to disease and unhygienic outbreaks due to the unsanitary conditions of the Medium Security Institution.

129.   Plaintiff was subjected to flooding toilet water dirtied with feces and urine.

130.   Plaintiff's conditions of confinement were unsanitary.

131.   Plaintiff's conditions of confinement posed a health and safety risk to Plaintiff.

132.   Defendants knew about these unsanitary conditions at the Medium Security Institution.

133.   Maintaining an unsanitary facility furthered no legitimate governmental purpose.

134.   Maintaining an unsanitary facility amounted to cruel and unusual punishment.

135.   Defendants failed to alleviate these unsanitary conditions of confinement during Plaintiff's stay at the Medium Security Institution.

136.   Defendants were directly responsible for depriving Plaintiff of his right to be free from cruel and unusual punishment.

137.   Defendants acted under color of state law.

138.   Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by subjecting him to unsanitary conditions for several months.

139.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

140.   In addition to wrongfully depriving Plaintiff of his right to be free from punishment, Defendants caused Plaintiff physical harm.

141.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT V: FALSE IMPRISONMENT UNDER MISSOURI

## STATE LAW

142.  Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

143.  Count V applies to Defendants Betts, Carson, Deeken, Glass, Sheriff's Deputy Montgomery, Lieutenant Moss, Unknown Lieutenant I, Unknown Lieutenant II, Unknown Caseworker, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 144-51.

144.  Plaintiff was incarcerated for at least four days after he completed his sentence.

145.  Plaintiff told Defendants Lieutenant Moss, Unknown Lieutenant I, Unknown Lieutenant II, and Unknown Caseworker, and several other corrections officers that he should have been released.

146.  Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

147.  Defendants failed to release Plaintiff from his imprisonment when he completed his sentence.

148.  Defendants had no legal justification to confine Plaintiff after his sentence was completed.

149.   Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others.

150.   In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

151.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VI: FAILURE TO ESTABLISH POLICIES TO ENSURE CITIZENS WOULD NOT BE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

152.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

153.   Count VI applies to all Defendants named in this Complaint.

154.   Plaintiff was incarcerated for at least four days after he completed his sentence.

155.   Defendants failed to release Plaintiff from his imprisonment after he completed his sentence.

156.   Defendants acted under color of state law.

157. Defendants failed to use their authority to establish policies to ensure that Plaintiff and other citizens would be released when the City no longer had justification to confine them.

158. Defendants' failure to establish effective policies caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

159. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

160. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

161. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VII: FAILURE TO TRAIN STAFF TO ENSURE CITIZENS WOULD NOT BE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

162. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

23

163.  Count VII applies to all Defendants named in this Complaint.

164.  Plaintiff was incarcerated for at least four days after he completed his sentence.

165.  Defendants failed to release Plaintiff from his imprisonment when he completed his sentence.

166.  Defendants acted under color of state law.

167.  Defendants failed to use their authority to properly train staff members to ensure that Plaintiff and other citizens would be released when the City no longer had justification to confine them.

168.  Defendants' failure to properly train other staff members caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

169.  Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

170.  In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

171.  Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's

fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VIII: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY CITIZENS ARE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

172. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

173. Count VIII applies to all Defendants.

174. Plaintiff was incarcerated for at least four days after he completed his sentence.

175. Defendants failed to release Plaintiff from his imprisonment when he completed his sentence.

176. Defendants acted under color of state law.

177. Defendants, using their authority, have established a pattern or practice whereby Plaintiff and other citizens would be released when the City no longer had justification to confine them.

178. Defendants' establishment of this pattern or practice caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

179. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

25

180. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

181. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT IX: FAILURE TO ESTABLISH POLICIES TO ENSURE PRE-TRIAL DETAINEES WOULD NOT BE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

182. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

183. Count IX applies to Defendants City of St. Louis, Betts, Carson, Deeken, Glass, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 184-91.

184. Plaintiff was incarcerated for about a month at the St. Louis Medium Security Institution in 2016 while awaiting disposition of his case.

185. During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug

infestations, rat and mice infestations, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, and sewage water.

186. Defendants acted under color of state law.

187. Defendants failed to use their authority to establish policies to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsanitary conditions and punishment.

188. Defendants' failure to establish effective policies caused the violation of Plaintiff's civil rights, as detailed in Count III above.

189. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

190. Defendants caused Plaintiff physical harm.

191. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT X: FAILURE TO TRAIN STAFF TO ENSURE PRE-TRIAL DETAINEES WOULD NOT BE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

192.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

193.   Count X applies to Defendants City of St. Louis, Betts, Carson, Deeken, Glass, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 194-201.

194.   Plaintiff was incarcerated for about a month at the St. Louis Medium Security Institution in 2016 while awaiting disposition of his case.

195.   During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, rat and mice infestations, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, and sewage water.

196.   Defendants acted under color of state law.

197.   Defendants failed to use their authority to properly train staff members to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsanitary conditions and punishment.

198. Defendants' failure to properly train other staff members caused the violation of Plaintiff's civil rights, as detailed in Count III above.

199. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

200. Defendants caused Plaintiff physical harm.

201. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT XI: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY PRE-TRIAL DETAINEES ARE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

202. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

203. Count XI applies to Defendants City of St. Louis, Betts, Carson, Deeken, Glass, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 204-11.

204.   Plaintiff was incarcerated for about a month at the St. Louis Medium Security Institution in 2016 while awaiting disposition of his case.

205.   During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, rat and mice infestations, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, and sewage water.

206.   Defendants acted under color of state law.

207.   Defendants, using their authority, have established a pattern or practice whereby Plaintiff and other similarly situated pre-trial detainees are subjected to unsanitary conditions and punishment.

208.   Defendants' establishment of this pattern or practice caused the violation of Plaintiff's civil rights, as detailed in Count III above.

209.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

210.   Defendants caused Plaintiff physical harm.

211.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive

30

damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT XII: FAILURE TO ESTABLISH POLICIES TO ENSURE DETAINEES WOULD NOT BE SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT UNDER 42 U.S.C. § 1983

212. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

213. Count XII applies to Defendants City of St. Louis, Betts, Carson, Deeken, Glass, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 214-21.

214. Plaintiff was incarcerated for about eleven months at the St. Louis Medium Security Institution in 2016 and 2017 while serving his sentence.

215. During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, rat and mice infestations, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, and sewage water.

216. Defendants acted under color of state law.

217. Defendants failed to use their authority to establish policies to

ensure that Plaintiff and other similarly situated detainees would not be subjected to unsanitary conditions and cruel and unusual punishment.

218. Defendants' failure to establish effective policies caused the violation of Plaintiff's civil rights, as detailed in Count IV above.

219. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

220. Defendants caused Plaintiff physical harm.

221. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT XIII: FAILURE TO TRAIN STAFF TO ENSURE DETAINEES WOULD NOT BE SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT UNDER 42 U.S.C. § 1983

222. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

223. Count XIII applies to Defendants City of St. Louis, Betts, Carson, Deeken, Glass, and Unknown Sheriff's Employee, referred to as

"Defendants" in Paragraphs 224-31.

224.   Plaintiff was incarcerated for about eleven months at the St. Louis Medium Security Institution in 2016 and 2017 while serving his sentence.

225.   During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, rat and mice infestations, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, and sewage water.

226.   Defendants acted under color of state law.

227.   Defendants failed to use their authority to properly train staff members to ensure that Plaintiff and other similarly situated detainees would not be subjected to unsanitary conditions and cruel and unusual punishment.

228.   Defendants' failure to properly train other staff members caused the violation of Plaintiff's civil rights, as detailed in Count IV above.

229.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

230.   Defendants caused Plaintiff physical harm.

231.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT XIV: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY DETAINEES ARE SUBJECTED TO CRUEL AND UNUSUAL UNDER 42 U.S.C. § 1983

232.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

233.   Count XIV applies to Defendants City of St. Louis, Betts, Carson, Deeken, Glass, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 234-41.

234.   Plaintiff was incarcerated for about eleven months at the St. Louis Medium Security Institution in 2016 and 2017 while serving his sentence.

235.   During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, rat and mice infestations, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, and sewage water.

34

236.   Defendants acted under color of state law.

237.   Defendants, using their authority, have established a pattern or practice whereby Plaintiff and other similarly situated detainees are subjected to unsanitary conditions and cruel and unusual punishment.

238.   Defendants' establishment of this pattern or practice caused the violation of Plaintiff's civil rights, as detailed in Count IV above.

239.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

240.   Defendants caused Plaintiff physical harm.

241.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT XV: RETALIATION AGAINST PLAINTIFF FOR EXERCISING HIS FIRST AMENDMENT RIGHT TO COMPLAIN HE WAS BEING HELD UNLAWFULLY UNDER 42 U.S.C. § 1983

242.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

243. Count XV applies to Defendant Lieutenant Moss, referred to as "Defendant" in Paragraphs 244-.

244. Plaintiff was supposed to be released from the custody of the City of St. Louis on April 28, 2017, but was not.

245. Plaintiff told multiple corrections officers at the St. Louis City Justice Center that he should be released, but they did not act on his complaints.

246. Plaintiff told Defendant that he should be released.

247. Defendant threatened to put Plaintiff in "the hole" or isolated segregation and send him back to the St. Louis Medium Security Institution if he kept voicing his complaints.

248. Plaintiff participated in an activity protected by the First Amendment by voicing his complaints that he was being unlawfully detained.

249. Defendant took adverse action against Plaintiff that would chill a person of ordinary firmness from participating in such protected activity.

250. Defendant's actions were taken at least in part because Plaintiff was participating in protected activity.

251. Defendant acted under color of state law.

252. Defendant acted with malicious, intentional, or reckless and

callous disregard for Plaintiff's civil rights.

253. Defendant caused Plaintiff physical harm.

254. Defendant also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendant in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendant from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Elad Gross*
Elad Gross #67125MO
Attorney at Law
5653 Southwest Ave.
St. Louis, MO 63139
Phone:  (314) 753-9033
Email: Elad.J.Gross@gmail.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of February, 2018, the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system.


<u>/s/ Elad Gross</u>
Elad Gross
Attorney at Law