**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KENNETH DICKERSON,              )
                                        )
            Plaintiff,           )
v.                              )         No. 4:18CV290 RLW
                                          )
CITY OF ST. LOUIS, et al.,          )
                                        )
            Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kimberly Gardner's Motion to Dismiss. (ECF No. 14) Upon review of the motion and memoranda, the Court denies Gardner's motion.

## BACKGROUND

Plaintiff Kenneth Dickerson was charged in state court with two misdemeanors by the City of St. Louis Circuit Attorney's Office on April 29, 2016. He pleaded guilty to the charges on June 2, 2016, and was sentenced to serve one year in the St. Louis Medium Security Institution ("MSI"), with a release date of April 28, 2017. While he was incarcerated, Plaintiff alleges a St. Louis circuit judge reinstated his probation on another case and quashed a related outstanding warrant.

Plaintiff alleges he unlawfully remained incarcerated after his release date. According to his Complaint, he told various corrections officers that he should have been released on April 28, 2017, but they refused to act. Plaintiff also complained to a caseworker who told him he was being held on the warrant that had been quashed. The St. Louis City Sheriff's office filed a notice to the trial court on May 1, 2017 that Plaintiff remained in the custody of the City of St. Louis. Thereafter, Plaintiff's public defender contacted the Sheriff's office to inform them that

Plaintiff should be released. Despite initially refusing, the Sheriff's office released Plaintiff later that day.

Plaintiff initiated this lawsuit against the City of St. Louis and various officials to recover damages pursuant to 42 U.S.C. § 1983 for his alleged wrongful incarceration after he completed his sentence. In addition, he seeks damages related to the alleged unsanitary conditions at MSI during his confinement and claims a corrections officer violated his First Amendment rights by threatening him after he complained about his prolonged incarceration. The elected Circuit Attorney for the City of St. Louis, Gardner, was one of the city officials named as a defendant in her individual capacity. Of the 15 counts in Plaintiff's Complaint, the three counts directed at all defendants are applicable to Gardner: Count VI alleging failure to establish policies to ensure citizens would not be wrongfully imprisoned under 42 U.S.C. § 1983; Count VII alleging failure to train staff to ensure citizens would not be wrongfully imprisoned under 42 U.S.C. § 1983; and Count VIII alleging establishment of a pattern or practice whereby citizens are wrongfully imprisoned under 42 U.S.C. § 1983.

Gardner moves to dismiss the claims against her, arguing Plaintiff has failed to state a claim on which relief can be granted because Plaintiff has not alleged she personally was involved in his prolonged confinement. She also argues the claims against her are barred because, as a prosecutor, she is entitled to qualified and absolute immunity. The motion is now fully briefed and ready for disposition.

## LEGAL STANDARD

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative level . . . ."
*Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the
plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517
F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual
allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008)
(explaining that courts should liberally construe the complaint in the light most favorable to the
plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some
insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch
& Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as
true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can
"begin by identifying pleadings that, because they are no more than conclusions, are not entitled
to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual
allegations to survive a motion to dismiss. *Id.*

## DISCUSSION

### I. Prosecutor's Personal Involvement

Gardner argues Plaintiff has failed to allege she was personally involved in violating his
constitutional rights. Rather, she complains "Plaintiff attempts to state a claim against Gardner
by lumping her in with all the other defendants and leveling conclusory allegations against
everyone as an amorphous group." (ECF No. 15, at 4) Gardner contends that, as the elected
prosecutor for the City of St. Louis, she served a distinct role that was removed from those who
actually had physical custody over Plaintiff.

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (section 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018) (emphasis added) (quoting *Iqbal*, 556 U.S. at 676). A plaintiff "must allege specific facts of [the supervisory Government-official's] personal involvement in, or direct responsibility for, a deprivation of [his or her] constitutional rights." *Id.* (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Specifically, claims related to a supervisor's alleged "failure to train an inferior [official] may subject the supervisor to liability in his individual capacity only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [inferior officials] come into contact." *Id.* (internal quotation marks omitted) (quoting *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir. 2016)).

Two recent decisions from this district have considered motions to dismiss similar claims related to delayed release from confinement against similar defendants, including Gardner herself. *Payne v. Saint Louis, Mo., City of*, No. 4:17-CV-01769-AGF, 2018 WL 583043, at *5

4

(E.D. Mo. Jan. 29, 2018); *Lewis v. Saint Louis, Mo., City of*, No. 4:18-CV-00213-NAB, 2018 WL 3239508, at *4 (E.D. Mo. July 3, 2018), *appeal docketed sub nom. Lewis v. Gardner*, No. 18-2555 (8th Cir. Dec. 3, 2018). The court in *Payne* noted that "the viability of Plaintiff's complaint turns on whether [specific movants, including Gardner,] had actual or constructive notice of and were deliberately indifferent to or authorized the asserted violations." 2018 WL 583043, at *7. Despite the relatively light facts contained in the complaint, the court in *Payne* found that "a reasonable inference can be drawn based on the limited record that [Gardner and the other movants] were on notice of and deliberately indifferent to or authorized the violations alleged" related to wrongful incarceration and supervisory claims. *Id.* (citing *Davis v. Hall*, 375 F.3d 703, 716 (8th Cir. 2004) (affirming a district court's denial of summary judgment on § 1983 claims for prolonged incarceration as to those defendants who "were on notice that [the wrongfully detained person] was entitled to be released")). This Court agrees that, at this early stage in the litigation, Plaintiff has alleged sufficient facts on which inferences can be drawn that Gardner demonstrated deliberate indifference or tacit authorization of the acts leading to Plaintiff's prolonged incarceration.

## II. Qualified Immunity

Gardner also argues the claims against her are barred because she is entitled to qualified immunity. Again, she asserts Plaintiff has failed to allege she had taken any individual action to violate his rights.

"Qualified immunity protects governmental officials from liability for civil damages if they have not violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "To defeat qualified immunity, the plaintiff

5

has the burden to prove: '(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation.'" *Wilson v. Lamp*, 901 F.3d 981, 986 (8th Cir. 2018) (quoting *Howard v. Kan. City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009)).

In *Davis v. Hall*, 375 F.3d 703, 706-07 (8th Cir. 2004), a plaintiff received a sentence of time served and was ordered discharged from state custody immediately. Officials, however, did not release him until four days later. *Id.* at 707. The plaintiff subsequently brought claims under § 1983 and alleged his delayed release deprived him of his constitutional rights. *Id.* at 707. The Eighth Circuit affirmed the district court's denial of qualified immunity to state officials and held that the plaintiff had alleged the officials "deprived him of a protected liberty interest by continuing to confine him after he completed his sentence and was ordered immediately released." *Id.* at 714 (noting "even a thirty-minute detention after being ordered released could work a violation of a prisoner's constitutional rights under the Fourteenth Amendment"). Furthermore, based on prior case law from Eighth Circuit and other circuits, the Eighth Circuit in *Davis* had "no difficulty concluding that [the plaintiff] alleged the deprivation of a clearly established right and that a reasonable government actor would know that failing to respond to [his] requests to be released in keeping with the court order that he possessed was unlawful." *Id.* at 719.

In light of *Davis*, Gardner is not entitled to qualified immunity as it was clearly established at the time of the events in this case that an individual may not be detained after he or she completes his or her sentence. This conclusion is in line with the two recent cases from this district. *Payne*, 2018 WL 583043, at *8; *Lewis*, 2018 WL 3239508, at *6.

6

### III. Absolute Immunity for Prosecutors

Finally, Gardner argues she is entitled to absolute immunity because she is the elected prosecutor for the City of St. Louis.

The common law granted absolute immunity to judges, jurors, and certain other judicial officers acting within the scope of their judicial duties. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009). Important public policy considerations support immunity for certain officials, including "concern that harassment by unfounded litigation could both cause a deflection of the [official's] energies from his [or her] public duties and also lead the [official] to shade his [or her] decisions instead of exercising the independence of judgment required by his [or her] public trust." *Id.* (internal quotation marks omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976)). Specifically, the Supreme Court has held absolute immunity applies to prosecutors "when a prosecutor prepares to initiate a judicial proceeding or appears in court to present evidence in support of a search warrant application." *Id.* at 343 (citation omitted). But "absolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in, say, investigative or *administrative tasks*." *Id.* at 342 (emphasis added). "To decide whether absolute immunity attaches to a particular prosecutorial activity, one must take account of [the] functional considerations" of the activity, including whether the activity is "connected with the prosecutor's basic trial advocacy duties." *Id.* at 342, 346.

Several circuit courts have held that a prosecutor is not entitled to absolute immunity from claims related to an individual's prolonged incarceration.[1] These courts have concluded that a prosecutor's failure to notify relevant authorities that the legal basis for an individual's

---

[1] The Eighth Circuit opinion discussed above, *Davis*, did not analyze absolute immunity. 375 F.3d at 709 n.3 (noting the officials were not sued in their individual capacities, which makes absolute immunity inapplicable). The Eighth Circuit will have the opportunity to rule on this specific issue related to absolute immunity for prosecutors from claims related to prolonged incarceration after *Lewis* is fully briefed and argued. 2018 WL 3239508, *appeal docketed sub nom. Lewis v. Gardner*, No. 18-2555 (8th Cir. Dec. 3, 2018).

detention no longer exists is not a prosecutorial task but an administrative one not entitled to immunity. *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1151 (2d Cir. 1995) ("Keeping a person in state custody after the termination of all charges against him has nothing to do with conducting a prosecution for the state. . . . [T]he handling of a prisoner after the complete conclusion of all criminal charges is not a prosecutorial task but rather an administrative one . . . ."); *Odd v. Malone*, 538 F.3d 202, 215 (3d Cir. 2008) (quoting *Pinaud*); *Schneyder v. Smith*, 653 F.3d 313, 334 (3d Cir. 2011) (holding that *Van de Kamp* did not alter the result in *Odd* because the "duty of disclosure [of a change in the circumstances justifying an individual's detention] was neither discretionary nor advocative, but was instead a purely administrative act not entitled to the shield of immunity"). The Court agrees with these authorities and holds that Gardner is not entitled to absolute immunity for her alleged actions in failing to inform the relevant authorities of the dismissal of the charges against Plaintiff. This conclusion is in line with the two recent cases from this district. *Payne*, 2018 WL 583043, at *6; *Lewis*, 2018 WL 3239508, at *4.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kimberly Gardner's Motion to Dismiss (ECF No. 14) is **DENIED**.

Dated this 16th day of January, 2019.

 

 

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**