# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH DICKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV290 RLW |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court of Plaintiff Kenneth Dickerson's Motion to Compel Defendants to Respond to Plaintiff's Requests for Production. (ECF No. 53) Defendants City of St. Louis, Vernon Betts, Jeffrey Carson, Charlene Deeken, Kimberly Gardner, Dale Glass, and James Moss (collectively referred to as "Defendants") filed a memorandum in opposition. (ECF No. 55) Plaintiff did not file a reply memorandum, and the time to do so has since passed.

## BACKGROUND

On February 13, 2019, Plaintiff sent Defendants a set of Requests for Production of Documents. On March 15, 2019, Defendants sent their responses and objections. The parties met and conferred on April 19, 2019, after which Defendants produced certain documents.

On August 20, 2019, Plaintiff conducted a corporate representative deposition of St. Louis Sheriff's Deputy Whitney Windom, who works in the records office for the Sheriff's Department. Plaintiff asserts Windom stated during her deposition that she maintains a folder of memoranda concerning *nolle prosequi* cases of individuals the Sheriff's Office believed to be illegally detained (referred to as "*Nolle Pros* Folder"). Additionally, Windom disclosed that a committee, known as the Criminal Justice Coordinating Committee or the Criminal Justice

Counsel Committee ("CJCC"), has been meeting to discuss the issue of illegally detained individuals in the City of St. Louis.

Following Windom's deposition, Plaintiff sent an email requesting production of the *Nolle Pros* Folder and records from the CJCC meetings. Plaintiff argues both items are responsive to the first Requests for Production of Documents. Defendants object and argue both are irrelevant to Plaintiff's claims.

## LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. *See* Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Likewise, Rule 26 governs the scope of discovery in federal matters:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

## DISCUSSION

Plaintiff's First Request for Production of Documents included, *inter alia*, the following requests:

> REQUEST NO. 1:
> Please produce all documents and recordings that Defendants possess regarding or relating to the allegations in the Complaint.
> . . .
> REQUEST NO. 2:

> Please produce all documents maintained or created by you, and/or created by another person or entity, of which you have copies or to which you have access, reflecting or relating to the allegations contained in the Complaint, including, but not limited to all diaries, journals, calendars, notes, e-mail communications and attachments, compact disks, text messages, electronic messages, and photographs.
>
> . . .
>
> REQUEST NO. 10:
>
> Please produce all records of or documents associated with any meetings regarding the allegations in the Complaint, including the failure to timely release inmates in the custody of Defendants and the failure to maintain a safe and sanitary environment at the St. Louis Medium Security Institution, either prior to or after the filing of the Complaint.
>
> . . .
>
> REQUEST NO. 12:
>
> Please produce any lists, records, or other documents pertaining to any audits, investigations, or other reports conducted by Defendants, their agents, contractors, or anyone else regarding whether people were held in St. Louis jails or other locations of confinement without proper authorization, pending charges, or other legal reasons to detain the individuals, including people who were detained after charges against them were dropped by one or more of the Defendants.
>
> . . .
>
> REQUEST NO. 17:
>
> Please produce any records of or communications between the St. Louis City Sheriff's Office, the St. Louis Circuit Attorney's Office, the St. Louis Medium Security Institution, the St. Louis City Justice Center, the St. Louis City Department of Public Safety, the St. Louis City Division of Corrections, the 22nd Judicial Circuit Court, the St. Louis Metropolitan Police Department, any Defendants, and/or any of their staff regarding the delivery or failure to deliver communications of charges being dismissed and the requisite release of inmates in the custody of the City of St. Louis since 2013.
>
> . . .
>
> REQUEST NO. 21:
>
> Please produce any reports, formal or informal, made by the City of St. Louis, the St. Louis City Sheriff's Office, the St. Louis Circuit Attorney's Office, the St. Louis Medium Security Institution, the St. Louis City Justice Center, the St. Louis City Department of Public Safety, the St. Louis City Division of Corrections, the 22nd Judicial Circuit Court, the St. Louis Metropolitan Police Department, Defendants, or any other party related to the general allegations in the Complaint, including unsanitary and unsafe conditions at the St. Louis Medium Security Institution and/or the failure to timely release inmates in the custody of the City of St. Louis.

(ECF No. 54-1)

Plaintiff argues both the *Nolle Pros* Folder and information related to the CJCC meetings fall squarely within the scope of documents sought in Requests Nos. 1, 2, 10, 12, 17, and 21. Defendants argue that these specific documents are irrelevant to Plaintiff's claims because they "cannot demonstrate the constitutional violation alleged by Plaintiff because the memorandums contained within it occurred *after* Plaintiff's release from custody in May 2017." (ECF No. 55, at 4) (emphasis added) Specifically, Windom asserted during her deposition that she did not start compiling the *Nolle Pros* Folder until 2019. Likewise, the CJCC meeting at issue occurred in June 2019.

The Court agrees with Defendants that some of the information contained in both the *Nolle Pros* Folder and records of the CJCC meetings may be irrelevant to the time frame at issue in Plaintiff's claims. Nevertheless, the Court agrees with Plaintiff that such information may lead to admissible evidence related to Plaintiff's claims that Defendants have established a pattern or practice by which they failed to timely release inmates from custody. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). The Court further finds that production of these specific documents is proportional to the needs of the case given the potential importance to Plaintiff's claims and Defendants' relatively minor burden in producing the existing *Nolle Pros* Folder and records of the CJCC meetings. *See id.*

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Kenneth Dickerson's Motion to Compel Defendants to Respond to Plaintiff's Requests for Production (ECF No. 53) is **GRANTED**.

Dated this 18th day of October, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**